IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>TIMOTHY HICKMAN-SMITH,<br><br>               Defendant. | 8:14CR367<br><br>ORDER |

      This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 82. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. Id.

      The defendant entered a plea of guilty to a charge of possession with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack cocaine", a Schedule II controlled substance, and he was sentenced to a sentence of 120 months. On appeal, the Eighth Circuit dismissed the case as untimely. In his § 2255 motion, the defendant contends that he received ineffective assistance of counsel in connection with his Sixth Amendment Rights, and alleges prosecutorial misconduct, government misconduct, and malicious prosecution. He also asserts a Fifth Amendment violation with regard to arbitrary and irrational judicial error and a Fourth Amendment violation of his right to be

free from unlawful search and seizure. Defendant argues that his attorney failed to introduce exculpatory testimonies during his suppression hearing; he contends the officers fabricated evidence about the smell of marijuana emanating from his vehicle and that the prosecution permitted such false evidence; and he argues the omission of the certain language in the transcript, which was later rectified,[1] shows that detective Fortune lied in his police report.

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer, *with regard to these issues*: (1) ineffective counsel claims; and (2) prosecutorial misconduct claims. An action pursuant to 28 U.S.C. § 2255[2] is not a vehicle for a malicious prosecution claim, nor do the facts in this case lend any credence to such an allegation. Further, the government need not respond to the allegations of unlawful search and seizure per se as the defendant cannot re-litigate his case, but need only respond as such contentions relate to the ineffective assistance claims, if any. Further, the claims of judicial error are immune from suit and will not be the subject of such a motion in this case. *Mireless v. Waco,* 502 U.S. 9, 11-12 (1991). On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and

---

[1] The government apparently used the phrase "I arrived" when in fact defendant contends it was "I lied."

[2] Section 2255 states: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

briefs, or (b) whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate, as to the issues of ineffective assistance of counsel and as to prosecutorial misconduct.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 15th day of September, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge