IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>TIMOTHY HICKMAN-SMITH,<br><br>                  Defendant. | 8:14CR367<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court pursuant to defendant's motion pursuant to 28 U.S.C. § 2255. Filing No. 82. The court initially reviewed this case, and ordered the government to file an answer addressing two issues: "(1) ineffective counsel claims; and (2) prosecutorial misconduct claims." Filing No. 83, p. 2. The government filed its answer. Filing No. 90. Thereafter, the court ordered a hearing in this case. *See* Filing No. 95. The court conducted a hearing on February 23, 2017. Defendant appeared by phone. Counsel for the government and defendant's former counsel, William Gallup, both appeared in person. The court permitted the submission of evidence as well as oral argument. The court received an amended Affidavit from Mr. Gallup, Filing No. 86, a pleading from the defendant (which was mailed to the court following the hearing), Filing No. 98, the sentencing transcript, Filing No. 87, the unofficial plea transcript, and the petition to plead guilty, Filing No. 57. There was no plea agreement in this case. Hickman-Smith argues he was denied his Sixth amendment right to effective assistance of counsel during the pretrial and appellate phases of his case.

      On October 22, 2014, the government filed a one count Indictment charging Hickman-Smith with possession with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack cocaine,"

a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1). (Filing No. 1).

Mr. Gallup filed a motion to suppress. The magistrate judge recommended that this court deny the motion to suppress. Mr. Gallup testified that defendant initially requested an appeal following the magistrate judge's ruling on the hearing, and Mr. Gallup appealed to this court. This court adopted the magistrate's recommendation. Defendant contends that both he and his girlfriend[1] requested that his counsel, Mr. Gallup, immediately appeal the order issued by this court denying defendant's motion to suppress. Mr. Gallup further testified that he told defendant that defendant could not appeal directly to the Eighth Circuit from either the magistrate judge's decision or this court's decision. He also informed the defendant that such appeal could only occur following the end of the case, after trial.

On October 20, 2015, Hickman-Smith filed an untimely Notice of Appeal. Filing No. 70. The Eighth Circuit Court of Appeals dismissed his appeal on February 1, 2016, as untimely. Filing No. 80. Hickman-Smith asserts he received ineffective assistance when defense counsel failed to file a Notice of Appeal on his behalf, even though instructed to do so. Counsel denies he was ever asked to file an appeal.

The court reviewed a draft of the plea colloquy which confirmed the court's recollection of a specific conversation with the defendant about waiving his right to appeal the court's ruling on the suppression motion. During his plea hearing, the court asked defendant if he understood that if he pleads guilty there will not be a trial and he would no longer be able to challenge the lawfulness of the evidence, and defendant responded yes. The court also discussed the motion to suppress with defendant and told him that he would

---

[1] Defendant's girlfriend did not submit an affidavit or attend and testify at the hearing conducted on February 23, 2017.

be giving up his right to appeal the court's denial of his motion. Defendant indicated he understood.[2]

> Further, defense counsel states that he informed defendant that:
>
> the district court ruling could not be appealed to the Eighth Circuit Court of Appeals and it could review the ruling only if the Defendant proceeded to trial and was convicted. The affiant repeated this to an inquiry by the defendant's girlfriend when she inquired about the ruling.

(Filing No. 86, p. 1)

At sentencing, Hickman-Smith was advised he had a right to appeal his conviction and sentence and had to do so within 14 days of the court's Judgment. Filing No. 87, Sentencing Transcript, p. 14. Again, Hickman-Smith asserts he received ineffective assistance when defense counsel failed to file a Notice of Appeal on his behalf, even though instructed to do so.[3] Counsel denies he was ever asked to file an appeal.

Bare assertions are not enough to make a claim for ineffective assistance of counsel, and the burden of proof lies with the defendant. Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000). In order to prove his claim of ineffective assistance, the defendant must establish his counsel so grievously erred as to not function as the counsel

---

[2] In defendant's "Hearing Cheat Sheet" mailed to the court after the hearing, Filing No. 98, defendant contends that he was forced to sign a petition to plea guilty when in fact he asked counsel to file a conditional plea. He argues he believed he had a right, even after signing the petition, to file an appeal on the suppression issue. However, based on the plea colloquy this court had with the defendant, the court finds this argument to be meritless. The court also received a phone log from Tassha Teamer, defendant's girlfriend at the time in question. Filing No. 99. The Exhibit does show that Ms. Teamer may have called Mr. Gallup's office on three occasions. However, the court finds this is very limited evidence, as there is no testimony regarding these phone calls, the content of these phone calls, and how they relate to a possible request for an appeal. Again, Ms. Teamer did not appear and testify at the defendant's recent hearing on the appeal issue. Thus, the court discounts the relevance and evidentiary value of this Exhibit.

[3] The defendant relied on the case of United States v. Stevens, 439 F.3d 983, 987 (8th Cir. 2006) in support of his claim that he had a right to an immediate and direct appeal of the denial of his motion to suppress. However, Stevens does not support defendant's argument. In the Stevens case there was a motion to suppress, a trial, and then an appeal. As such, it is not applicable in the case before the court.

guaranteed by the Sixth Amendment, and his counsel's deficient performance prejudiced his defense. *Auman v. United States,* 67 F.3d 157, 162 (8th Cir. 1995) citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "To show prejudice, [a defendant] must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." *United States v. Robinson,* 301 F.3d 923, 925 (8th Cir. 2002). "'Prejudice' requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors." *Auman,* 67 F.3d at 162. Where the claim is that defense counsel "fail[ed] to file a notice of appeal after being instructed to do so by his client[,] . . . no inquiry into prejudice or likely success on appeal [is] necessary." *Barger,* 204 F.3d at 1182. "Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney. A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Yodprasit v. United States,* 294 F.3d 966, 969 (8th Cir. 2002) (citations omitted).

"Whether [the] defendant pleaded guilty, received the sentence bargained for, and expressly waived some or all of his appeal rights [ ] are highly relevant in determining 'whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.'" *Parsons v. United States,* 505 F.3d 797, 799-800 (8th Cir. 2007) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000). A defendant waives his right to appeal, absent an express preservation. *United States v. Limley,* 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses."). *United States v. Stewart,* 972 F.2d 216, 217-18 (8th Cir. 1992) ("Appellant's failure to preserve his right to appeal by entering a conditional guilty plea now precludes him from challenging the validity of the

4

search warrant. It is well established in this Circuit that a defendant who pleads guilty waives all nonjurisdictional defenses.") (citing *Hill v. United States,* 928 F.2d 303 (8th Cir. 1991)). "If a defendant wishes to preserve his right to appeal, he should enter a conditional plea of guilty, 'reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.' Fed.R.Crim.P. 11(a)(2)." *Limley,* 510 F.3d at 827.

The court finds that defendant failed to meet his burden on his ineffective assistance claim and thus it shall be dismissed. The defendant plead guilty. He waived his right to appeal the suppression issue. The court specifically questioned him in this regard during the plea hearing. The court finds his counsel is credible in this regard, and defendant offered no evidence to the contrary. The court has likewise reviewed the claims regarding prosecutorial misconduct and all other claims and finds they are frivolous and without merit.

THEREFORE, IT IS ORDERED THAT defendant's claim for relief pursuant to 28 U.S.C. § 2255, Filing No. 82, is denied. A separate judgment will be entered in conjunction with this memorandum and order.

Dated this 2nd day of March, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge